IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DR. ADRIAN DOUGLAS and <br> DR. BRUCE DOUGLAS, <br><br> Plaintiffs, <br><br> v. <br><br> THE BOARD OF TRUSTEES OF CLOUD COUNTY COMMUNITY COLLEGE and GREGORY P. ASKREN, in his individual capacity, <br><br> Defendants. | Case No. 2:21-cv-2400-KHV-TJJ |

**ORDER MEMORIALIZING RULINGS FROM AUGUST 25, 2022
MOTION HEARING AND DISCOVERY STATUS CONFERENCE**

On August 25, 2022, the Court conducted an in-person motion hearing and discovery conference regarding Plaintiffs' Motion to Compel (ECF No. 54), Plaintiffs' Second Motion to Compel (ECF No. 68), and the parties' Joint Motion to Amend Scheduling Order (ECF No. 70). This order memorializes and supplements the Court's oral rulings made during the motion hearing and discovery conference.

**1.    Email Search Protocol Dispute**

The Court denied Plaintiffs' request that Defendant College be required to search its board members' personal computers, devices, and email accounts in response to the disputed discovery requests, because they are not in the Defendant College's possession, custody or control. Defendants' counsel agreed to accept (and in some instances has already accepted) service of subpoenas relative to these discovery requests for current Defendant College board

members.

Counsel for the parties shall further confer in good faith regarding their dispute (or misunderstanding) as to Defendant College's efforts to search its "computer systems" for email communications responsive to Plaintiffs' Request (to Defendant College) for Production Nos. 1, 6, 7, 8, 17 and 18, including information about whose email accounts were searched, what search terms were utilized, and the date ranges for the searches performed. By **September 7, 2022**, counsel shall complete their conferring and:

(a) email the Court their agreed ESI Protocol, if they can reach such agreement, and Defendant College shall serve amended or supplemental responses to Plaintiffs' Requests confirming that Defendant College's email search for responsive documents was performed according to the parties' agreed email search protocol. Most of the discovery disputes thus far stem from the fact the parties rely upon an informal email exchange between counsel for their ESI search agreement (protocol) but clearly there was no meeting of the minds regarding key aspects of that agreement. The Court therefore strongly encourages counsel to enter into a detailed formal ESI Protocol; or

(b) In lieu of an ESI Protocol agreed to by the parties, Defendant College shall serve amended and supplemental responses to Plaintiffs' Requests describing its search efforts to locate responsive documents, and certifying that it has searched all email accounts and for all search terms and date ranges agreed upon by the parties, and specifying the agreement terms; or

(c) email the Court a summary of their unresolved disputes on this issue for the Court to take up at the next discovery status conference.

Defendants' amended and supplemental responses to Plaintiffs' requests shall also state whether any responsive documents are being withheld on the basis of privilege or work product, and, if so, Defendants shall serve a privilege log identifying the responsive documents withheld. Any such privilege log may be prepared in accordance with the parties' formal agreement with respect to excluding Defendants' communications to/from their current legal counsel. If Defendants cannot complete their privilege log for service on Plaintiffs by September 7, 2022, counsel shall confer in good faith and attempt to agree on a reasonable deadline and, if they cannot agree, include that dispute in their September 7, 2022 report(s) to chambers.

**2.      Defendant Askren's Email Search**

With respect to Defendant Askren's emails, Defendants' counsel agreed to an expanded list of search terms encompassing the broad topics mentioned in counsels' June 15, 2022 email exchange. Counsel shall confer in good faith and agree on the search terms applicable to Defendant Askren. If counsel cannot agree, they shall include this issue in their September 7, 2022 email to chambers.

**3.      Written Report by Forensic Examiner**

Counsel for the parties shall further confer in good faith and attempt to agree on the information to be included in a written report to be prepared by the forensic examiner who imaged and searched Defendant Askren's computer and devices. The examiner's report will be produced to Plaintiffs. If counsel cannot agree on the information to be included in the

examiner's report, they may email chambers a summary of their dispute and the Court will take up the matter at the next discovery status conference

4. ***In camera* Review of Defendant Askren's Call Logs**

The parties agreed and the Court ordered the following procedure for the *in camera* review of Defendant Askren's cell phone call logs for the months of April and May 2020:

Counsel for Defendant Askren will email the call logs to chambers for an *in camera* inspection, along with a list identifying the phone numbers for all individuals identified in Defendants' Initial and Supplemental Rule 26(a)(1) disclosures. The Court will then review the call logs and match up any phone numbers. All log phone numbers not matched to a phone number listed will be redacted. The redacted call log will then be provided to Defendants for objection, and, if no objection, produced to Plaintiffs.

5. ***In Camera* Review of Defendant Askren's Text Logs**

The parties agreed and the Court ordered the following procedure for the Court's *in camera* review of Defendant Askren's text message logs for the period one month before and one month after the date Plaintiffs' employment was terminated and other brief relevant time periods requested by Plaintiffs:

Plaintiffs' counsel will provide the subpoenaed text message logs to Defendants' counsel, who will then provide the agreed date ranges of text logs to chambers for an *in camera* inspection, along with a list identifying the phone numbers for all individuals identified in Defendants' Initial and Supplemental Rule 26(a)(1) disclosures. The Court will then review the

text logs and match up any phone numbers. All text log phone numbers not matched to a phone number will be redacted. The redacted text log will then be provided to Defendants for objection, and, if no objection, produced to Plaintiffs.

6.    **Interrogatory No. 7**

Defendants acknowledge Plaintiffs may inquire to some extent regarding the Executive Sessions at the College's May 8, 2020 Board meeting, but express some concerns regarding potential waiver of attorney-client privilege. The Court ruled that Plaintiffs may inquire regarding the executive sessions and to the extent privilege objections are raised and the parties cannot resolve the issue, they should expect the Court to apply the legal standard set out in *Hinsdale v. City of Liberal, Kan.*, 961 F. Supp. 1490, 1494 (D. Kan. 1997).

Questions regarding communications during the Executive Sessions of the May 8, 2020 Board meeting, and any potential attorney-client privilege and/or work product objections, are best addressed through depositions. Defendants have preserved those potential objections in their response to Interrogatory No. 7 and the Court, therefore, will not require them to amend or supplement under these circumstances.

7.    **Plaintiffs' Request for Sanctions**

Plaintiffs' request for sanctions against Defendant Askren is taken under advisement. The Court did question the veracity of Defendant Askren's response to Plaintiffs' Request No. 4.

8.    **Joint Motion to Amend Scheduling Order (ECF No. 70)**

The parties' Joint Motion to Amend Scheduling Order (ECF No. 70) is denied without

prejudice. All unexpired Scheduling Order deadlines, including, but not limited to the October 3, 2022 discovery deadline, will be held in abeyance pending further order of the Court.

**9.     Status Update from the Parties**

On or before **September 7, 2022**, counsel for the parties shall email chambers of the Magistrate Judge (KSD_James_Chambers@ksd.uscouts.gov) an agreed joint or separate statements identifying and describing the outstanding discovery disputes to be addressed by the Court and their proposed new Scheduling Order deadlines.

**10.    Telephone Discovery Status Conference**

A telephone discovery status conference with the undersigned Magistrate Judge is set for **September 19, 2022 at 2:30pm**. Participating counsel shall dial CONFERENCE LINE 1-888-363-4749 and enter ACCESS CODE 4901386 to join the conference.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion to Compel (ECF No. 54) and Plaintiffs' Second Motion to Compel (ECF No. 68) are taken under advisement.

**IT IS FURTHER ORDERED THAT** the parties' Joint Motion to Amend Scheduling Order (ECF No. 70) is denied without prejudice. All unexpired Scheduling Order deadlines, including, but not limited to the October 3, 2022 discovery deadline, will be held in abeyance pending further order of the Court.

**IT IS SO ORDERED.**

Dated this 30th day of August, 2022, at Kansas City. Kansas.

_____
Teresa J. James
U. S. Magistrate Judge