IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DR. ADRIAN DOUGLAS and <br> DR. BRUCE DOUGLAS, <br><br> Plaintiffs, <br><br> v. <br><br> THE BOARD OF TRUSTEES OF CLOUD COUNTY COMMUNITY COLLEGE and GREGORY P. ASKREN, in his individual capacity, <br><br> Defendants. | Case No. 2:21-cv-2400-KHV-TJJ |

**ORDER REGARDING DEFENDANTS' OBJECTIONS TO THE COURT'S PROPOSED IN CAMERA REVIEW PRODUCTION OF DEFENDANT ASKREN'S PHONE LOGS**

At the August 25, 2022 motion hearing and discovery conference, the parties and the Court set out an agreed procedure for the Court to conduct an *in camera* review of Defendant Askren's cell phone call logs for the months of April and May 2020. This procedure was memorialized in the Court's Order (ECF No. 79) entered on August 30, 2022:

> Counsel for Defendant Askren will email the call logs to chambers for an *in camera* inspection, along with a list identifying the phone numbers for all individuals identified in Defendants' Initial and Supplemental Rule 26(a)(1) disclosures. The Court will then review the call logs and match up any phone numbers. All log phone numbers not matched to a phone number listed will be redacted. The redacted call log will then be provided to Defendants for objection, and, if no objection, produced to Plaintiffs.

On September 1 and 2, 2022, counsel for Defendant Askren provided the call logs and phone number list, which he represented included phone numbers for "all individuals identified

in Defendants' Initial and Supplemental Disclosures." The Court conducted the *in camera review* and informed the parties on September 7, 2022 that it had completed its review of Defendant Askren's cell phone call logs for April and May 2020, including all pages of the three Verizon statements provided, covering the time period March 10, 2020 through June 9, 2020. The Court informed the parties it would limit what would be produced to Plaintiffs to the following:

(a) all call log pages for April 1, 2020 through June 1, 2020 for Defendant Askren's phone number, regardless of whether a match was present (with all unmatched phone numbers redacted); and

(b) all other pages that contain a phone number match (with all unmatched phone numbers and other call information redacted); and

(c) the phone number list (fully unredacted).

On September 12, 2022, Defendants timely asserted their objections to the Court's proposed production. They object to the production of two call log pages for the phone lines for Defendant Askren's spouse and child's phone lines, arguing that these phone logs are not relevant and should not be produced simply because Defendant Askren has a family cellular telephone plan.

The Court overrules the objection. The Court agrees with Defendant Askren that the phone logs of his spouse and child on their face may not appear relevant to the claims and defenses in this case. However, the fact the Court's *in camera* review revealed their logs contained one or more matches to the list of phone numbers of the individuals listed on

Defendants' Initial and Supplemental Disclosures indicates they may be relevant. Because the logs of his spouse and child's phone lines are not for Defendant Askren's phone line, the Court has limited their production to only the two pages that contain the match(es) and has redacted more extensively, redacting all phone numbers and other call information (date, time, usage, origin, destination, minutes) except for the three calls that match to a phone number listed for an individual identified in Defendants' Initial and Supplemental Disclosures. With these extensive redactions and limited production, any confidentiality or privacy concerns have been addressed.

Defendants also object to the fully unredacted production of their phone number list for the individuals identified in Defendants' Initial and Supplemental Disclosures. They argue Plaintiffs never sought this information through discovery and, although phone numbers were provided for each of Defendants' witnesses identified in their Rule 26 disclosures, the phone number list submitted to the Court for the *in camera* review was more expansive to include every possible phone number. Defendants indicate they would not oppose production of a redacted phone number list containing only the unredacted names and numbers of the nine individuals whose numbers were found on Defendant Askren's call logs.

The Court sustains in part and overrules in part Defendants' objection to producing a fully unredacted phone number list. The Court agrees with Defendants that the list contains more phone numbers than those appearing on its Rule 26 disclosures and likely contains personal cell phone number information for the listed individuals. The Court therefore sustains the objection insofar as it will redact from the phone number list all numbers that do not appear on the phone call logs of Defendant Askren, his spouse, or child.

Accordingly, the Court will produce the following to Plaintiffs via email attachment after noon on September 14, 2022:

(a) all call log pages for April 1, 2020 through June 1, 2020 for Defendant Askren's phone number, regardless of whether a match was present (with all unmatched phone numbers redacted); and

(b) all other call log pages that contain a phone number match (with all unmatched phone numbers and other call information redacted); and

(c) the phone number list (with all unmatched phone numbers redacted).

**IT IS SO ORDERED.**

Dated this 12th day of September, 2022, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge