IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DR. ADRIAN DOUGLAS and <br> DR. BRUCE DOUGLAS, <br> <br> Plaintiffs, <br> <br> v. <br> <br> THE BOARD OF TRUSTEES OF CLOUD <br> COUNTY COMMUNITY COLLEGE and <br> GREGORY P. ASKREN, in his individual <br> capacity, <br> <br> Defendants. | Case No. 2:21-cv-2400-KHV-TJJ |

**ORDER SUMMARIZING RULINGS
ON PLAINTIFFS' MOTION TO COMPEL (ECF No. 54)**

Plaintiffs filed a Motion to Compel (ECF No. 54) requesting, pursuant to Fed. R. Civ. P. 37 and D. Kan. Rule 37.1, an order: (1) compelling Defendant Board to comply with the email search protocol agreed upon by the parties and provide information responsive to Plaintiffs' First Request for Production Nos. 1, 6-8, and 17-18 to Defendant Board; (2) compelling Defendant Askren to produce information responsive to Plaintiffs' First Request Nos 1-4 to Defendant Askren; (3) compelling Defendant Askren to provide information regarding his ESI preservation efforts, including requiring a forensic examination of Defendant Askren's devices; and (4) compelling a response and overruling Defendant Board's claim of privilege regarding the May 8, 2020 Board meeting information sought by Interrogatory No. 7 of Plaintiffs' First Interrogatories to Defendant Board.

The Court held an in-person motion hearing and discovery status conference on August 25, 2022 on Plaintiffs' Motion to Compel, at which it heard from the parties, ruled on some of the issues raised in the motion, and instructed the parties to further confer on additional

discovery-related issues and report back to the Court regarding their agreements and any remaining disputes. An Order memorializing the Court's rulings from that motion hearing and discovery status conference was entered on August 30, 2022 (ECF No. 79). The Court held a follow-up telephone status conference on September 19, 2022, at which it resolved the remaining disputes and set deadlines for production of the discovery at issue. An Order memorializing the rulings from that status conference was entered on September 22, 2022 (ECF No. 83).

This Order summarizes the Court's rulings with respect to each specific request for relief asserted in Plaintiffs' Motion to Compel (ECF No. 54).

**I.      Plaintiffs' First Request for Production Nos. 1, 6-8, and 17-18 to Defendant Board**

Plaintiffs requested that the Court order Defendant Board to provide specific details regarding how its email searches were performed and complete the searches it agreed to run according to Plaintiffs' understanding of the parties' email agreement. This email agreement provided the search terms and date ranges applicable to searches for emails responsive to Plaintiffs' Request for Production Nos. 1, 6-8, and 17-18 to Defendant Board. The parties' dispute concerned whose devices and email accounts were to be searched. Defendant Board argued the individual board members' personal devices were not within the "possession, custody or control" of Defendant Board and therefore were beyond the scope of Fed. R. Civ. P. 34(a)(1).

At the August 25, 2022 motion hearing, the Court ruled on the record that Plaintiffs had satisfied their duty to confer prior to filing their motion, and granted Plaintiffs' request for clarification from Defendant Board regarding how its email searches were performed by ordering the parties to further confer on whose email accounts were searched, what search terms were utilized, and the date ranges for the searches performed. The Court denied Plaintiffs' request that

Defendant Board be required to search its board members' personal computers, devices, and email accounts in response to the disputed discovery requests, finding they are not in the Defendant Board's possession, custody or control.

At the September 19, 2022 status conference, the parties advised they had reached an email search protocol agreement for responsive emails on the College's system, and the Court ordered Defendant Board to serve its supplemental responses, produce documents responsive to Plaintiffs' First Request for Production of Documents Nos. 1, 6-8 and 17-18 to Defendant Board, and serve any privilege log by the date(s) set out in the Court's Order (ECF No. 83).

**II.     Plaintiffs' First Request for Production Nos. 1-4 to Defendant Askren**

Plaintiffs requested an order compelling Defendant Askren to produce information responsive to Plaintiffs' First Request for Production Nos. 1 through 4 to Defendant Askren, which sought communications (including emails, text messages, Facebook messages) and social media communications, postings, and comments concerning Plaintiffs or "race or racism."

At the September 19, 2022 status conference, the parties reported they had reached an agreement in part regarding a protocol for searches of Defendant Askren's emails and the Court ordered the parties to continue conferring in good faith about the search terms, or combinations thereof, used to search Defendant Askren's email. The Court ordered Defendant Askren to serve his responses, produce documents responsive to Plaintiffs' First Request for Production of Documents Nos. 1 and 3 to Defendant Askren, and serve any privilege log by the date(s) set out in the Court's Order (ECF No. 83).

With respect to the Requests that seek Defendant Askren's social media communications, postings, and comments, the Court ordered Defendant Askren to download his Facebook archive

and search it and any other Askren social media accounts by running the parties' agreed search terms, produce all information responsive to Plaintiffs' First Request for Production of Documents Nos. 2 and 4[1] to Defendant Askren, and serve any privilege log by the date(s) set out in the Court's Order (ECF No. 83).

### III.     Defendant Askren's ESI Preservation Efforts and Forensic Examination

Plaintiffs also requested a variety of "preliminary sanctions" against Defendant Askren based upon his alleged failure to preserve relevant electronically-stored information ("ESI"). Plaintiffs specifically requested the Court order Defendant Askren to:

- provide information concerning his efforts to preserve ESI and other evidence on his mobile phone and email accounts;

- identify each mobile phone and email account he used from January 1, 2017 to the present;

- allow a forensic examiner to make an image of the mobile phones identified;

- allow the forensic examiner to search the identified mobile phones and email accounts using the parties' agreed search terms and produce the results to Defendants' counsel for privilege review and subsequent production to Plaintiffs;

- allow Plaintiffs to work with the forensic examiner to prepare a report concerning the mobile phones and email accounts; and

---

[1] The Court's Sept. 22, 2022 Order (ECF No. 83) incorrectly omitted Request No. 4 of Plaintiffs' First Request for Production of Documents to Defendant Askren.

- require Defendants to bear the cost of the forensic examiner's work.[2]

Defendant Askren stated in its response that it had already retained a forensic electronic data examiner and had taken steps to ascertain whether any additional responsive documents exist, and, if located, would be produced.[3]

At the August 25, 2022 motion hearing, the Court granted Plaintiffs' requests in part, noting its concerns regarding Defendant Askren's preservation efforts. The Court ordered the parties to confer and agree on (1) search terms applicable to Defendant Askren's email and (2) the information to be included in a written report to be prepared by the forensic examiner who would image and search Defendant Askren's computer and devices, with such report produced to Plaintiffs.[4]

At the September 19, 2022 discovery status conference, the Court ordered Defendant Askren to serve his responses, produce documents responsive to Plaintiffs' First Request for Production of Documents Nos. 1 and 3 to Defendant Askren (seeking email, text and Facebook message communications concerning Plaintiffs and race or racism), and serve any privilege log by the date(s) set out in the Court's Order (ECF No. 83).

To the extent Plaintiffs request any other "preliminary sanctions" against Defendant

---

[2] Pls.' Mot. to Compel (ECF No. 54) at 12-13.

[3] Defs.' Resp. in Opp'n (ECF No. 60) at 13.

[4] *See* Aug. 30, 2022 Order (ECF No. 79) at 3-4. Although the Court did not expressly address Plaintiffs' request that Defendants bear the costs of the forensic examiner's services, the Court contemplated Defendants would bear the costs as they had already retained the forensic examiner's services, absent some other mutual agreement of the parties or subsequent order of the Court.

Askren based upon any alleged failure to preserve relevant ESI, at this point the Court denies Plaintiffs' request without prejudice.

**IV.**     **Plaintiffs' First Interrogatory No. 7 to Defendant Board**

Plaintiffs requested Defendant Board be required to provide a complete response to their First Interrogatory No. 7 to Defendant Board, which asked that it "[d]escribe with particularity the discussions that took place in each of the five executive sessions that Defendant Board of Trustees engaged in on May 8, 2020 in the leadup to the decision to not renew Plaintiff[s'] employment agreement[s]."[5] Defendant Board objected to the Interrogatory as exceeding the scope of discovery, overly broad in scope, vague, ambiguous and unduly burdensome, and because any information discussed in the closed, executive sessions is protected by K.S.A. 75-4319 and attorney-client privilege.

At the August 25, 2022 hearing and in its Order memorializing its rulings, the Court denied Plaintiffs' request for an order compelling Defendant Board to provide a complete answer to Interrogatory No. 7, finding questions regarding communications during the executive sessions of the May 8, 2020 Board meeting, and any potential attorney-client privilege and/or work product objections, were best addressed through depositions. The Court found that Defendants had preserved those potential objections in their response to Interrogatory No. 7, and therefore would not require them to amend or supplement their response. The Court indicated to the parties that, to the extent privilege objections are raised and the parties cannot resolve the

---

[5] Exs. C and D to Pls.' Mot. to Compel (ECF No. 54-3 and 54-4).

issue, they should expect the Court to apply the legal standard set out in *Hinsdale v. City of Liberal, Kan.*, 961 F. Supp. 1490, 1494 (D. Kan. 1997).

**V.**     **Request for Reasonable Expenses Under Fed. R. Civ. P. 37(a)(5)**

Plaintiffs request the Court order Defendants to pay their reasonable expenses, including attorneys' fees, incurred in making this motion to compel. Fed. R. Civ. P. 37(a)(5) governs a party's request for its reasonable expenses, including attorney's fees, incurred in making or opposing a motion to compel discovery and provides different standards depending on whether the motion to compel is (A) granted, (B) denied, or (C) granted in part and denied in part. Under subsection (C), if the motion to compel is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."[6]

Considering the proportionality of the rulings herein in favor and against each party, the Court concludes that each party shall bear its own expenses in filing or responding to this motion to compel. Plaintiffs' request for their reasonable expenses under Fed. R. Civ. P. 37(a)(5) is denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (ECF No. 54) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Plaintiffs' request for "preliminary sanctions" against Defendant Askren is granted in part as set out above and denied in part without prejudice.

---

[6] Fed. R. Civ. P. 37(a)(5)(C).

**IT IS FURTHER ORDERED THAT** that Plaintiffs' request for their reasonable expenses under Fed. R. Civ. P. 37(a)(5) is denied. Each party shall bear its own expenses of filing or responding to the motion to compel.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2022, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge