IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DR. ADRIAN DOUGLAS and<br>DR. BRUCE DOUGLAS,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF CLOUD<br>COUNTY COMMUNITY COLLEGE and<br>GREGORY P. ASKREN, in his individual<br>capacity,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 2:21-cv-2400-KHV-TJJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER SUMMARIZING RULINGS
ON PLAINTIFFS' [SECOND] MOTION TO COMPEL (ECF No. 68)**

On July 25, 2022, Plaintiffs filed a [Second] Motion to Compel (ECF No. 68) requesting an order compelling Defendant Askren to produce his cell phone billing statements from 2017 through the present. The Court held an in-person motion hearing and discovery status conference on August 25, 2022, at which the parties proposed and the Court agreed to conduct, an *in camera* review of Defendant Askren's call and text logs. The agreed procedure for the Court's *in camera* reviews was set out in the Court's August 30, 2022 Order.[1]

**I.    *In Camera* Review of Call Logs**

On September 1 and 2, 2022, Defendant Askren provided his cell phone call logs and a list of phone numbers for all individuals identified on Defendants' Initial and Supplemental Rule 26(a)(1) disclosures ("Phone Number List"). The Court conducted the *in camera* review of the

---

[1] *See* Order Memorializing Rulings From August 25, 2022 Motion Hearing and Discovery Status Conference (ECF No.79) at 4–5.

call logs matching up any phone numbers on the Phone Number List. On September 7, 2022, the Court informed the parties it had completed review of the phone call logs for April and May 2020, including all pages of the three Verizon statements provided, covering the time period March 10, 2020 through June 9, 2020. The Court informed the parties it would limit what would be produced to Plaintiffs to the following (and gave Defendants a deadline to assert any objections):

(a) all call log pages for April 1, 2020 through June 1, 2020 for Defendant Askren's phone number, regardless of whether a match was present (with all unmatched phone numbers redacted); and

(b) all other pages that contain a phone number match (with all unmatched phone numbers and other call information redacted); and

(c) the Phone Number List (fully unredacted).

On September 12, 2022, Defendants timely objected to the production of two call log pages for the phone lines for Defendant Askren's spouse and child's phone lines, arguing these phone logs are not relevant and should not be produced simply because Defendant Askren had a family cellular telephone plan. Defendants also objected to producing a fully unredacted Phone Number List, requesting instead all unmatched phone numbers be redacted.

By Order dated September 12, 2022 (ECF No. 81), the Court sustained in part and overruled in part Defendants' objections. It sustained the objection to producing a fully unredacted Phone Number List, but overruled the objection to producing two pages of redacted phone logs for Defendant Askren's spouse and child that contained phone number matches.

On September 14, 2022, the Court provided the following to Plaintiffs:

(a) all call log pages for April 1, 2020 through June 1, 2020 for Defendant Askren's phone number, regardless of whether a match was present (with all unmatched phone numbers redacted); and

(b) all other call log pages that contain a phone number match (with all unmatched phone numbers and other call information redacted); and

(c) the Phone Number List (with all unmatched phone numbers redacted).

## II.     *In Camera* Review of Text Logs

On September 19, 2022, the Court held a follow-up discovery status conference to address the parties' outstanding issues. The parties acknowledged the Court had already completed the *in camera* review of Defendant Askren's phone call logs, and advised regarding the status of the text logs. They reported the cell phone service provider had produced a CD containing Defendant Askren's text logs, but only provided text information for the time period September 2021 through May 2022. The parties indicated they disagreed whether these text logs should be provided to the Court for *in camera* review. Defendant Askren objected to Plaintiffs' request the Court review the entire date range of text logs available. After hearing from counsel, the Court found a limited review of the text logs, while not showing any content of the texts, might reveal relevant information regarding whether Defendant Askren had a habit and practice of texting other Board members and whether Defendant Askren failed to preserve relevant texts after this lawsuit was filed. The Court limited the scope of its *in camera* review of Defendant Askren's text logs to the date range September 1, 2021 through December 31, 2021.[2]

---

[2] *See* Sept. 22, 2022 Order Memorializing Rulings From Sept. 19, 2022 Status Conference (ECF No. 83)

On September 20, 2022, Defendant Askren provided his SMS and MMS text logs subpoenaed from his phone service provider for the time frame August 2021 through August 2022, the provider's historical SMS and MMS detail report explanation forms, as well as the Phone Number List.

On September 30, 2022, the Court advised Defendants it had completed the *in camera* review of Defendant Askren's text logs limited to the time period September 1, 2021 through December 31, 2021. The Court provided the redacted text logs for the SMS text messages and MMS text messages for the referenced time period, redacted Phone Number List, and Historical SMS and MMS Detail Report Explanation Forms. Defendants were given until October 5, 2022 to assert any objection.

On October 4, 2022, Defendants expressed their concerns about delivery of the redacted text logs, Phone Number List, and historical reports to Plaintiffs. They noted the SMS historical report was not attached and requested additional redactions on the Phone Number List. The next day, the Court advised the parties that Defendants' expressed concerns were valid, and the SMS historical report was provided and two additional individual's phone numbers were redacted from the Phone Number List as they were not listed on either the SMS or MMS text log within the September 1, 2021 to December 31, 2021 time period.

On October 6, 2022, the Court provided Plaintiffs the following five documents as the results of its *in camera* review of Defendant Askren's text logs:

1. Phone Number List (with all unmatched phone numbers redacted);

---

at 5–6.

    2.    Redacted SMS text log for September 1, 2021 through December 31, 2021;

    3.    Redacted MMS text log for September 1, 2021 through December 31, 2021;

    4.    Historical SMS Detail Report Explanation Form; and

    5.    Historical MMS Detail Report Explanation Form.

The Court has thus completed the *in camera* reviews of Defendant Askren's cell phone call and text logs and provided Plaintiffs with the redacted call and text logs for the limited periods resulting from that review. This review and subsequent provision of Defendant Askren's redacted call and text logs to Plaintiffs thus addresses in part and denies in part the relief sought in Plaintiffs' [Second] Motion to Compel, which sought to compel production of Defendant Askren's cell phone billing statements from 2017 to the present. Accordingly, Plaintiffs' Motion to Compel (ECF No. 68) has been granted in part and denied in part by the Court's *in camera* reviews, prior rulings on Defendants' objections to the phone and text logs, and the resulting provision of Defendant Askren's redacted call and text logs for the limited periods and redacted Phone Number List to Plaintiffs.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion to Compel (ECF No. 68) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED THAT** each party bear its own expenses in filing or responding to the motion to compel.

**IT IS SO ORDERED.**

Dated this 7th day of November, 2022, at Kansas City, Kansas.

                                                              Teresa J. James
                                                             U. S. Magistrate Judge